UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KRAIG MAESTAS,

    Plaintiff,

v.                                                                              No. 15-CV-01125 MCA/LF

CITY OF SANTA FE,
JESUS RODRIGUEZ, in his official
and individual capacity, and CITY OF
SANTA FE JOHN AND JANE DOES,
In their official and individual capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *City Defendants' Motion for Summary Judgment as to All Counts of Plaintiff's Complaint and Asserting Qualified Immunity* filed on February 5, 2016. [Doc. 11]  The Court, has considered the *Motion*, the briefs, the relevant law, and is otherwise fully informed in the premises.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure allows summary judgment when the evidence submitted by the parties establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  An issue is "genuine" when the evidence before the Court is such that a reasonable jury could return a verdict in favor of the nonmovant as to that issue.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-52 (1986).  A fact is "material" if under the substantive law it is essential to the proper disposition of the claim.  *Id.* at 248.  Judgment is appropriate as a matter of law if

the nonmovant has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).

It is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 627 (10th Cir. 2012). Rather, the Court assumes the admissible evidence of the nonmovant to be true, resolves all doubts against the movant, construes all admissible evidence in the light most favorable to the nonmovant, and draws all reasonable inferences in favor of the nonmovant. *Hunt v. Cromartie*, 526 U.S. 541, 551-52 (1999).

**Background**

For the purpose of considering Defendants' *Motion for Summary Judgment*, the Court relies upon the following undisputed material facts. Plaintiff was driving west on St. Michael's Drive in Santa Fe, New Mexico when he made an illegal U-Turn onto east St. Michael's Drive. [Doc. 11 ¶¶ 1-3; p. 31; Doc. 19 ¶ 1] Defendant Jesus Rodriguez, a police officer with the Santa Fe Police Department, observed Plaintiff's illegal U-Turn and initiated a traffic stop. [Doc. 11 ¶ 2; Doc. 19 ¶ 1] Officer Rodriguez received information from dispatch that Plaintiff's driver's license was revoked. [Doc. 19-4; Doc. 19 ¶ 2] In fact, Plaintiff had a valid interlock driver's license and the vehicle that he was driving was equipped with an interlock device. [Doc. 19 ¶¶ 6-7; see Doc. 21]

Officer Rodriguez arrested Plaintiff, and cited him for making an illegal U-Turn, contrary to City of Santa Fe Uniform Traffic Ordinance 12-6-5.1; and for driving with a revoked license contrary to City of Santa Fe Uniform Traffic Ordinance 12-6-12.6.  [Doc. 11 ¶¶ 6-7; p. 11; Doc. 19 ¶ 4; Doc. 19-4 p. 3]  In Officer Rodriguez's report, he stated that he arrested Plaintiff "for unlawful use of a driver's license (revoked)."  [Doc. 19-4 p. 3]

In proceedings before the Santa Fe Municipal Court, a Municipal Court Judge determined that Plaintiff was not guilty of driving with a revoked license on the ground that he had a an interlock license and an interlock device in his vehicle.  [Doc. 11 p. 33-35]  As to the matter of the illegal U-Turn, Defendant pleaded no contest and was ordered to pay a $56.00 fine and to serve thirty days of unsupervised probation.  [Doc. 11 p. 36-37]

Arising out of his arrest, which he claims was unconstitutional, Plaintiff filed a Complaint titled *Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983 Municipal Liability Under 42 U.S.C. § 1983, State Torts Claims, Punitive Damages, and Attorney's Fees under 42 U.S.C. § 1988*.  [Doc. 1-1]  Defendants removed the matter to this Court, and filed the present *Motion for Summary Judgment*.  [Doc. 1; Doc. 11]  Among other grounds, Defendants seek judgment on the ground of qualified immunity.  [Doc. 11 p. 13]  Because the Court concludes that Defendants are entitled to qualified immunity as to Plaintiff's § 1983 claims, and that Plaintiff's state law claims shall be remanded to the state district court, the Court does not address Defendants' remaining arguments.

## DISCUSSION

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (citation omitted). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Tenorio v. Pitzer*, 802 F.3d 1160, 1163 (10th Cir. 2015).

When a defendant asserts qualified immunity, "[t]he plaintiff bears the burden of establishing both (1) that the defendant violated a constitutional right and (2) that the right [was] clearly established by the time of the violation." *Id.* at 1164.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). "The existence of probable cause is gauged based on the facts known to [the officer] when he made the arrest." *Simpson v. Kansas*, 593 Fed. Appx. 790, 793-94 (10th Cir. 2014). The officer's "subjective motivation is irrelevant." *Id.* at 794. Thus, if probable cause exists to arrest a person for a crime, it is irrelevant in the Fourth Amendment context that the officer's stated reason for making the arrest is unrelated to that crime. *See id.* at 796 (holding that where an officer had probable cause to arrest the plaintiff for a misdemeanor seatbelt offense, he did not violate the plaintiff's Fourth Amendment right "even if he made the arrest just because [the plaintiff] had torn up her

ticket[,]" which act did not justify an arrest).

Plaintiff argues that Officer Rodriguez violated his Fourth Amendment right to be free from unreasonable seizures when he arrested Plaintiff without probable cause to believe that he was driving with a revoked license. [Doc. 19 p. 14-16] Plaintiff's argument in this regard is founded on the premise that his interlock driver's license and his ignition interlock device gave him the legal right to drive. [Doc. 19 p. 15] Plaintiff reasons that because these facts were immediately obvious to Officer Rodriguez, the officer was precluded, as a matter of law from relying on the dispatcher's erroneous information regarding the status of Plaintiff's driver's license as grounds for the arrest. Even assuming the truth and legal accuracy of Plaintiff's assertions, Plaintiff cannot overcome Defendants' assertion of qualified immunity on this ground.

While Officer Rodriguez's report reflected that his subjective motivation for arresting Plaintiff arose from Plaintiff's driving with a revoked license, that infraction was but one of the offenses for which Officer Rodriguez cited Plaintiff. Plaintiff does not dispute that Officer Rodriguez had probable cause to believe that he made an illegal U-Turn; nor could he reasonably do so in light of his no-contest plea. Thus, setting aside Officer Rodriguez's subjective motivation for initiating the arrest, the issue whether the arrest violated Plaintiff's right to be free from an unreasonable seizure turns on whether an unlawful U-Turn constitutes a "crime" justifying his arrest under the Fourth Amendment. *See Simpson*, 593 Fed. Appx. at 794 (stating that the officer's subjective motivation is irrelevant). For the reasons that follow the Court concludes that it does.

In New Mexico, "[i]t is unlawful and, unless otherwise declared . . . with respect

to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required" by the traffic laws.  NMSA 1978, Section 66-7-3 (1978).  The foregoing applies, as well, to the provisions of the Santa Fe Uniform Traffic Ordinance. *Id.* § 12-3-1.  Because an officer may arrest a person for committing "even a very minor criminal offense in his presence . . . without violating the Fourth Amendment" an officer who conducts a warrantless arrest based on a violation of the traffic law will not run afoul of the Fourth Amendment.  *Atwater*, 532 U.S. at 354.  This is so regardless of whether the state or local government has authorized arrest for the at-issue crime.  *Virginia v. Moore*, 553 U.S. 164, 176-78 (holding that the Fourth Amendment analysis is unaffected by the issue of whether the local legislature permits police to effect an arrest for the at-issue offense).  Thus, insofar as Officer Rodriguez had probable cause to believe that Plaintiff had committed a misdemeanor by making an unlawful U-Turn, the arrest did not constitute a violation of Plaintiff's Fourth Amendment right to be free from an unreasonable seizure.

Because Plaintiff is unable to demonstrate a violation of a constitutional right, he cannot overcome Officer Rodriguez's assertion of qualified immunity.  *See Tenorio*, 802 F.3d at 1163 (stating that to overcome an assertion of qualified immunity the plaintiff must demonstrate both (1) the violation of a constitutional right, and (2) that the right was clearly established); *see also Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) ("If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity.").  Further, because Officer Rodriguez did not violate Plaintiff's constitutional rights, there is no basis for holding the municipality liable for the

alleged violation. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers."). Accordingly, Defendants are entitled to summary judgment as Plaintiff's § 1983 claims.

The Court having granted summary judgment in favor of Defendants as to Plaintiff's § 1983 claims remands this matter to the First Judicial District Court of the County of Santa Fe, New Mexico for disposition of Plaintiff's state law claims. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

**CONCLUSION**

**WHEREFORE, IT IS HEREBY ORDERED** that *City Defendants' Motion for Summary Judgment as to All Counts of Plaintiff's Complaint and Asserting Qualified Immunity* is **Granted** as to Plaintiff's § 1983 claims.

**IT IS FURTHER ORDERED** that this case is remanded to the First Judicial District Court of the County of Santa Fe, New Mexico for the disposition of Plaintiff's remaining claims.

**IT IS SO ORDERED** this 28th day of July, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
**Chief United States District Judge**